**Ogletree**
**Deakins**

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

*Attorneys at Law*

599 Lexington Ave, Fl 17
New York, New York 10022
Telephone: 212.492.2500
Facsimile:  212-492-2501
www.ogletree.com

Evan B. Citron
212-492-2068
evan.citron@ogletree.com

June 10, 2022

**VIA ECF**
The Honorable Cathy Seibel
U.S. District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

<u>   RE:    *Angela Zimmerman v. Regal Cinemas, Inc.*
              Case No. 7:22-cv-02851                            </u>

Dear Judge Seibel:

We represent Regal Cinemas, Inc. ("Regal" or "Defendant") in the above-referenced action. In accordance with Rule 2.A of Your Honor's Individual Rules and Practices, we respectfully write to request a pre-motion conference regarding Defendant's anticipated motion to strike the class allegations contained in, as well as its anticipated motion to dismiss, the Complaint filed by Plaintiff Angela Zimmerman ("Plaintiff").

**I.      Background**

On or about April 6, 2022, Plaintiff, a former Regal employee, filed her Complaint in the United States District Court for the Southern District of New York, pleading a single count of failure to timely pay wages under § 191 of the New York Labor Law ("NYLL") against Defendant. In her Complaint, Plaintiff concedes that Defendant paid her all earnings she was owed (Compl. ¶ 11). Her action is thus premised entirely on her claim that Regal furnished certain of those payments late (i.e., bi-weekly instead of weekly). (Compl. ¶ 11).

Plaintiff commenced this action on behalf of herself as well as "all persons who worked as manual workers in their employment for Defendant in the State of New York from six years preceding this Complaint to the date of class notice in this action (the "Class')." (Compl. ¶ 12). Rather than alleging any facts that identify the position she purportedly held at Regal, Plaintiff offers only that at least 25% of her job duties included manual labor, such as "preparing food, cleaning, attending the concessions stand, and selling tickets to customers." (Compl. ¶ 11).

**II.     Defendant's Anticipated Motion to Strike**

Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to grant a motion to strike

Atlanta ▪ Austin ▪ Berlin (Germany) ▪ Birmingham ▪ Boston ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Denver ▪ Detroit Metro ▪ Greenville ▪ Houston
Indianapolis ▪ Jackson ▪ Kansas City ▪ Las Vegas ▪ London (England) ▪ Los Angeles ▪ Memphis ▪ Mexico City (Mexico) ▪ Miami ▪ Milwaukee ▪ Minneapolis ▪ Morristown
Nashville ▪ New Orleans ▪ New York City ▪ Oklahoma City ▪ Orange County ▪ Paris (France) ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Portland, ME ▪ Portland, OR ▪ Raleigh
Richmond ▪ St. Louis ▪ St. Thomas ▪ Sacramento ▪ San Antonio ▪ San Diego ▪ San Francisco ▪ Seattle ▪ Stamford ▪ Tampa ▪ Toronto (Canada) ▪ Torrance ▪ Tucson ▪ Washington

Hon. Cathy Seibel
June 10, 2022
Page 2

pursuant to Rule 12(f) is a decision within the district court's discretion. *See Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011) (citing *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004)).

Here, the court should strike Plaintiff's class allegations because she has failed to identify her position at Regal, as well as the positions of the class members she seeks to represent. Put simply, the purported class is over broad. As drafted, the purported class includes **every individual employed by Regal in New York**. That purported framework is as infeasible as it is illogical, as it would include thousands of employees – including supervisors and managers – as well as those who performed jobs completely distinct from that held by Plaintiff (which, again, Plaintiff's barebones pleading fails to identify). Regal cannot be expected, let alone made, to defend an action where it cannot determine what that action is, or on whose behalf it exists. Because Plaintiff's pleading deprives the Court and Defendant from determining the membership of the purported class, the Court should strike the class allegations.

### III.    Defendant's Anticipated Motion to Dismiss

Defendant also intends to seek dismissal of Plaintiff's Complaint in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). However, in the interests of efficiency and judicial economy, Defendant respectfully requests that the Court schedule the briefing of Defendant's motion to dismiss to follow the Court's decision on Defendant's motion to strike.[1] However, to the extent that the Court would prefer Defendant file its motion to dismiss concurrently with its motion to strike, Defendant briefly sets forth the basis for the former below.

#### A.  Plaintiff Lacks Standing under Article III

Under Federal Rule of Civil Procedure 12(b)(1), a complaint cannot survive dismissal where the plaintiff lacks Article III standing. *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). If a plaintiff is unable to show that a favorable decision could redress their injuries, i.e. that there is a "non-speculative likelihood that the injury can be remedied by the requested relief" the complaint will be dismissed for lack of standing under Article III. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106-07 (2d Cir. 2008).

As an initial matter, Plaintiff lacks standing under Article III because she has no injury that could be remedied in this suit. Plaintiff does not seek lost wages; rather, she seeks to recover a penalty in the form of liquidated damages. Under the reasoning of *Vega v. CM and Associates Construction Management, LLC*, however, and the plain language of the NYLL, Plaintiff's liquidated damages are $0. 107 N.Y.S.3d 286 (1st Dep't 2019). Pursuant to the NYLL, liquidated damages are calculated as an "additional amount . . . equal to one hundred percent of the total amount of the wages found to be due". N.Y. Lab. Law § 198(1-a). Here, there is no dispute that Plaintiff – who admits that she was paid in full – is "due" $0. Thus, liquidated damages must also

---

[1] Defendant respectfully submits this request because it (i) expects that counsel for Plaintiff will amend the Complaint in response to Defendant's motion to strike; and (ii) anticipates that a decision on its motion to strike will impact its arguments in support of dismissal.

be $0, because 100% of $0 is $0.  Without any actual injury for which this Court could provide redress, Plaintiff lacks standing under Article III, and her Complaint must be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff Fails to State a Claim Because NYLL Section 191 Does Not Contain a Private Right of Action

A complaint that fails to state a claim is equally incapable of surviving dismissal under Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks and citations).  Dismissal is warranted when, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991).

Plaintiff's claim should also be dismissed for failure to state a claim because there is no express or implied private right of action for violations of § 191. By its terms, Section 198(1-a) does not create an express private right of action for an untimely payment; rather, it only creates such a right for an "underpayment". Similarly, Plaintiff cannot satisfy the three-prong *Sheehy* test for assessing whether an implied private right of action exists for violations of § 191 because the legislature did not intend to create a private right of action.

For the foregoing reasons, Defendant respectfully requests a pre-motion conference to discuss its anticipated motion to strike, as well as its anticipated motion to dismiss.[2]  We thank Your Honor for your consideration of this request.

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.

By: *s/ Evan B. Citron*
      Evan B. Citron
      Jessica R. Schild

---

[2] Regal respectfully reserves the right to assert additional or different facts or arguments in its anticipated motions.