UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA ZIMMERMAN and JAMISON DALSANTO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REGAL CINEMAS, INC.,<br><br>Defendant. | Civil Action No. 7:22-cv-02851-CS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. This is a class action on behalf of all non-managerial employees at Regal Cinemas movie theaters, including but not limited to "Floor Staff," "Cast Members," and "Supervisors," employed by Defendant in New York State over the last six years.

2. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. *See* New York Labor Law ("NYLL"), Article 6, §191.

3. Defendant has received no such authorization from the New York State Department of Labor Commissioner.

4. The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5. Defendant has violated and continues to violate this law by paying its manual workers every other week rather than on a weekly basis.

6.	Defendant is the owner and operator of a movie theater chain.  Defendant's theaters are staffed primarily by employees bearing the job titles "Floor Staff" or Cast Member." These two job titles are used interchangeably at various locations to describe the same job.  This job entails significant manual labor, including:  preparing and serving food at concession stands and general cleaning duties,[1] transporting heavy bags and/or boxes of food from various locations within the theatre to cooking areas, cooking various food items in ovens and deep fryers, serving food to customers, and disassembling and cleaning/disinfecting popcorn machines, pizzas ovens, and deep fryers at the end of the day.

7.	Floor Staff and/or Cast Members are also responsible for cleaning theaters, which consists of:  throwing out trash and recyclables, replenishing garbage bags and taking the garbage out, wiping down all counters in concession and/or vending areas, and cleaning theaters in between movies which includes throwing out garbage left behind, sweeping floors, and disinfecting theatre seats.  Far more than 25% of their time is spent engaging in physical labor.

8.	During each shift, Defendant employs Supervisors as well.  Supervisors conduct the same duties as Cast Members and/or Floor Staff, while also supervising others to make sure the same duties are accomplished.  Supervisors do not have the authorization to hire or fire any other employees.  Far more than 25% of Supervisors' working time is spent performing the same physical tasks as Floor Staff and/or Cast Members.

---

[1] Defendant's own Indeed job posting for "Floor Staff" positions throughout New York list "monitoring the cleanliness and operation of theatre vending equipment" as the primary job responsibility.  *See* https://www.indeed.com/jobs?q=Regal%20theatre&vjk=b590e2e17aa51128&mna=5&aceid&gclid=Cj0KCQjwhqaVBhCxARIsAHK1tiOn7OGowSP7jaz0xfngTuOGMbrPBik4UDeQmnT2ZfJac-59V9Y9xe4aAh3oEALw_wcB&redirected=1.  Indeed is a popular website where job seekers can find information about potential job openings, and the various requirements and tasks a job entails, among other job-related details.

9. Each theater location has one manager. This is the sole employee with the authority to hire and fire other employees at that location. Managers are not included in the putative Class definition.

10. Plaintiffs therefore demand liquidated damages, interest, and attorneys' fees on behalf of themselves and a putative class comprised of all non-managerial employees at Regal Cinemas move theaters, including but not limited to "Floor Staff," "Cast Members," and "Supervisors," employed by Defendant in New York State over the last six years.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in New York. Defendant owns and operates numerous Regal Cinemas locations within New York.

12. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiffs allege that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

14. Defendant Regal Cinemas, Inc. is a Tennessee corporation with a principal place

of business in Knoxville, Tennessee. Defendant owns and operates Regal Cinemas locations that employ hundreds, if not thousands, of manual workers in the State of New York.

15. Plaintiff Angela Zimmerman is a citizen of New York who resides in Beacon, New York. Plaintiff was employed by Defendant as a Cast Member through December 2021 at a Regal Cinemas located in New York, New York. At least 25% of Plaintiff's job responsibilities at Regal included manual labor, including tasks such as cooking food items in ovens and/or deep fryers and serving food to customers, cleaning popcorn machines, ovens, and deep fryers, cleaning the concession and vending areas, transporting bags and boxes of food up and down stairs, and selling tickets to customers. Plaintiff was on her feet the entirety of her employment at Defendant, largely performing the above-listed tasks. Plaintiff was paid every other week, rather than weekly, during the entirety of her employment with Defendant. Thus, for half of each biweekly pay period, Plaintiff was injured in that she was temporarily deprived of money owed to her, and she could not invest, earn interest on, or otherwise use these monies that were rightfully hers. Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.

16. Plaintiff Jamison Dalsanto is a citizen of New York who resides in Fort Edward, New York. Plaintiff was employed by Defendant as Floor Staff from approximately November 2019 to February 2020 at a Regal Cinemas located in Queensbury, New York. At least 25% of Plaintiff's job responsibilities at Regal included manual labor, including tasks such as preparing food, transporting bags and boxes of food from closets and/or freezers to the concession stand, cleaning the concession area and theatres in between movies, sweeping floors, throwing out trash, assisting customers, and selling tickets to customers. Plaintiff was on his feet the entirety of his employment at Defendant, largely performing the above-listed tasks. Plaintiff was paid

every other week, rather than weekly, during the entirety of his employment with Defendant. Thus, for half of each biweekly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

## CLASS ACTION ALLEGATIONS

17. Pursuant to Fed. R. Civ. P. 23, Plaintiffs seek to represent a class defined as of all non-managerial employees at Regal Cinemas movie theaters, including but not limited to "Floor Staff," "Cast Members," and "Supervisors," employed by Defendant in New York State over the last six years.

18. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendant.

19. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include but are not limited to: whether Defendant was required to pay class members on a weekly basis, whether class members were paid on a weekly basis, and whether Defendant violated NYLL § 191.

20. The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs worked as Floor Staff and/or Cast Members for Defendant during the class period but were not provided with compensation for their work on a weekly basis.

21. Plaintiffs are adequate representatives of the Class because their interests do not

conflict with the interests of the Class members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

22. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## **CLAIMS FOR RELIEF**

## **COUNT I**

### **New York Labor Law – Failure to Pay Timely Wages**

23. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

24. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiffs and the Class.

25. Defendant failed to pay Plaintiffs and the Class on a timely basis as required by

NYLL § 191(1)(a).

26. Due to Defendant's violations of the NYLL, Plaintiffs and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class members;

b. For an order declaring Defendant's conduct violates the law referenced herein;

c. For an order finding in favor of Plaintiffs and the Class on the count asserted herein;

d. For liquidated damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded; and

f. For an order awarding Plaintiffs and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

Dated: June 30, 2022                                         Respectfully Submitted,

                                                                                    **BURSOR & FISHER, P.A**

                                                                                    */s/ Yitzchak Kopel*

                                                                                    Yitzchak Kopel
                                                                                    Alec M. Leslie
                                                                                    888 Seventh Avenue
                                                                                    New York, NY  10019

Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
aleslie@bursor.com

*Counsel for Plaintiffs*