**BURSOR & FISHER**
P.A.

**888 SEVENTH AVENUE**                                              Y ITZCHAK  K OPEL
**NEW YORK, NY 10019**                                              Tel: **646.837.7510**
**www.bursor.com**                                                  Fax: **212.989.9163**
                                                                    **ykopel@bursor.com**

August 24, 2022

*Via ECF*
The Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:     *Zimmerman v. Regal Cinemas, Inc.*, Case No. 7:22-cv-02851-CS

Dear Judge Seibel:

I represent Plaintiffs in the above-captioned action. I write pursuant to Rule 2(A) of Your Honor's Individual Practices and in opposition to Defendant's July 14, 2022 Letter ("Letter") requesting a pre-motion conference for its forthcoming motion to dismiss the First Amended Complaint ("FAC"). Defendant's request should be denied. As detailed below, both of Defendant's arguments have been repeatedly rejected by numerous state and federal courts throughout New York. The parties need not burden the Court with unnecessary motion practice.

**I.      Plaintiffs Have Article III Standing**

Defendant argues that Plaintiffs "lack standing under Article III because they have no injury that could be remedied in this suit." Letter at 2. According to Defendant, Plaintiffs "seek to recover a penalty in the form of liquidated damages," and "100% of $0 is $0." Letter at 2. That is wrong. In fact, in a lawsuit alleging nearly identical claims, Defendant's argument was rejected by Judge Kovner of the Eastern District in *Caul v. Petco Animal Supplies, Inc.* 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021) ("Defendants suggest that an employee who has been paid all her wages but paid late would lack standing under Article III because she could [not] allege … any concrete harm.'"). Judge Kovner explained why this argument is incorrect:

> That argument fails to persuade. Sections 191 and 198 are state enactments, not federal ones. Defendants point to no authority for the proposition that state causes of action should be construed narrowly to ensure that federal courts can adjudicate them. *Cf.* Michael T. Morley, Spokeo: The Quasi-Hohfeldian Plaintiff and the Nonfederal Federal Question, 25 G EO . M ASON L. R EV . 583, 585 (2018) (arguing that *federal* statutes should be construed to impliedly incorporate Article III justiciability restrictions, when applied in state court). **And in any event, the late payment of wages is a concrete harm. "[T]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing."** *Porsch v. LLR, Inc.*, 380

> F. Supp. 3d 418, 424 (S.D.N.Y. 2019); *cf. Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453 , 457 (7th Cir. 2010) ("Every day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money."). That injury is especially acute for those workers "who are generally dependent upon their wages for sustenance." *Vega*, 175 A.D.3d at 1146.

*Petco*, 2020 WL 4407856, at *4 (emphasis added, internal citations omitted).

Furthermore, earlier this month, Judge Failla also rejected Defendant's argument in the NYLL § 191 context, and adopted the reasoning articulated by Judge Kovner in *Petco*. *See Gillett v. Zara USA, Inc.*, 2022 WL 3285275, at *6 (S.D.N.Y. Aug. 10, 2022) ("Irrespective of the fact that Plaintiff ultimately received the entire sum of wages he was owed, this delay of payment, in and of itself, constitutes a concrete harm that suffices for purposes of Article III. This is because the '[t]emporary deprivation of money to which a plaintiff has a right constitutes a sufficient injury in fact to establish Article III standing.' … This temporary withholding of money to which Plaintiff was owed — an injury Plaintiff purportedly suffered every pay period he worked for Defendants — is a concrete, economic harm.") (citing *Petco*, 2021 WL 4407856, at *4). This Court has subject matter jurisdiction for the same reasons articulated by Judge Kovner and Judge Failla.[1]

## II. Plaintiff Has a Private Right of Action

Defendant argues that "Plaintiff's' claim should also be dismissed for failure to state a claim because there is no express or implied private right of action for violations of § 191." Letter at 2. However, the highest New York court to consider this issue rejected Defendant's argument in *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (N.Y. App. Div. 2019). There, the First Department held "New York Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Id*. at 1146. Therefore, "there is a private right of action for violations of Section 191," and "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action." *Sorto v. Diversified Maint. Sys., LLC*, 2020 WL 7693108, at *2-3 (E.D.N.Y. Dec. 28, 2020). Defendant's failure to address a controlling decision on this argument is telling.

"Since *Vega*, every court in this Circuit to consider that decision appear[] to have followed its construction of the New York Labor Law … and defendants present no persuasive reason to do otherwise." *Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *5 (E.D.N.Y. Aug. 27, 2021); *see also Zara*, 2022 WL 3285275, at *11 ("Defendants have presented no persuasive reason why this Court should depart from the myriad decisions in this Circuit that have followed *Vega* in finding a private right of action to enforce Section 191."); *Caul*, 2021 WL 4407856, at *2 ("Section 191 permits a manual worker to bring a civil action for delayed payment of wages—even if the wages have subsequently been paid."); *Duverny v. Hercules Medical P.C.*, 2020 WL 1033048, at *5-6 (S.D.N.Y. Mar. 3, 2020) (following *Vega*

---

[1] Defendant's argument was also rejected earlier this month by Judge Brown of the Eastern District of New York in a similar NYLL § 191 class action captioned *Rodriguez v. Williams-Sonoma, Inc.*, Case No. 2:22-cv-02436-GRB-JMW (E.D.N.Y.). There, Judge Brown denied the defendant's motion to dismiss based on the argument that the plaintiff lacked Article III standing. *See* Aug. 5, 2022 Minute Entry (ECF No. 23).

and denying defendant's motion for summary judgment as to plaintiff's Section 191 claim, noting that "[a] plaintiff's entitlement to statutory damages pursuant to § 198(1-a) survives even if the employer pays the employee's base wages prior to the commencement of a civil action"); *Scott v. Whole Foods Market Group, Inc.*, 2019 WL 1559424, at *4 (E.D.N.Y. April 9, 2019) ("The discretionary nature of the Commissioner's authority coupled with the references to employee actions in § 198 compels the conclusion that a private action under § 191 is consistent with the legislative scheme."); *Mabe v. Wal-Mart Assocs.*, 2021 WL 1062566, at *4 (N.D.N.Y. Mar. 18, 2021) (holding that plaintiff had a private right of action because "the First Department's decision in *Vega* is directly on point"); *Mabe v. Wal-Mart Assocs., Inc.*, 2022 WL 874311, at *8 (N.D.N.Y. Mar. 24, 2022) ("[T]he Court is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*. … the Court finds that under *Vega*, Plaintiff presents a legally plausible claim in the First Cause of Action.").[2] The weight of authority rejecting Defendant's argument on this issue is overwhelming.

Finally, Defendant argues that "Plaintiffs cannot satisfy the three-prong *Sheehy* test for assessing whether an implied private right of action exists for violations of § 191." Letter at 2. But this exact argument was recently rejected by another court in this Circuit:

> To the extent Defendant contends that the statute already provides an administrative mechanism to enforce Section 191 violations, the legislative history reflects the administrative nature of the Section 191 scheme, and that there is no private right of action in § 198 for a mere untimely payment of wages, *Vega* addressed those concerns. The *Vega* Court found that the purposes of Sections 191 and 198 are to protect employees who are "dependent upon their wages for sustenance" and deter labor law violations. *Vega*, 175 A.D.3d at 1146 (citation omitted). "And contrary to defendants' emphasis on administrative enforcement, Section 198 lets an individual sue even where the administrator declines," *Caul*, 2021 WL 4407856, at *3 (citing Vega, 175 A.D.3d at 1147), which the *Vega* Court found to be "consistent with the legislative scheme, as section 198 explicitly provides that individuals may bring suit against an employer for violations of the labor laws, even if the Commissioner chooses not to do so." *Vega*, 175 A.D.3d at 1147.

*Mabe*, 2022 WL 874311, at *6.

---

[2] *See also Sorto v. Diversified Maintenance Sys., LLC*, 2020 WL 7693108, at *3 (E.D.N.Y. Dec. 28, 2020); *Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1, 3 (N.Y. App. Term. 2021) (agreeing with *Vega* "that a private right of action exists to enforce the rights established under section 198"); *Beh v. Cmty. Care Companions Inc.*, 2021 WL 3914297, at *3 (W.D.N.Y. Feb. 1, 2021) (citing *Sorto* and *Duverny*, holding "there is a private right of action for violations of NYLL § 191."); *Quintanilla v. Kabco Pharm., Inc., et al.*, Case No. 2:19-cv-06752-PKC, ECF No. 18 (E.D.N.Y.) (June 30, 2020 Minute Entry) (rejecting argument that plaintiff did not have private right of action to pursue Section 191 claim "in light of the *Vega* decision"); *Rojas v. Hi-tech Metals, Inc.*, 2019 WL 4570161, at *4 (Queens Cnty. Sept. 11, 2019) ("In light of the sentiments set forth in *Gottlieb* by the Court of Appeals and the holding in *Vega*[,] Defendant's motion to dismiss Plaintiff's NYLL §§ 191(1)(a) and 198 (1-a) claims is denied."); *Elhassa v. Hallmark Aviation Servs., L.P.*, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("The New York Appellate Division First Department has held that the New York Labor Law permits employees to seek liquidated damages for the untimely payment of wages even if the wages are no longer past due[.]").

                                                        Respectfully,

                                                        */s/ Yitzchak Kopel*

CC: All counsel of record via ECF                       Yitzchak Kopel