UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ANGELA ZIMMERMAN, individually and on behalf : of all others similar situated,

                                Plaintiffs,

                               -against-

REGAL CINEMAS, INC.,

                                Defendants.
------------------------------------------------------------------x

Case No.: 22-cv-02851-CS

## NOTICE OF BANKRUPTCY
## FOR CINEWORLD GROUP PLC AND CERTAIN OF
## ITS AFFILIATES AND NOTICE OF AUTOMATIC STAY OF PROCEEDINGS

**PLEASE TAKE NOTICE** that, on September 7, 2022, Cineworld Group plc and certain of its affiliates (each, a "Debtor" and, collectively, the "Debtors")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101—1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").  A copy of the voluntary petition of the lead Debtor, Cineworld Group plc, Case No. 22-90168 (MI), Docket No. 1, is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors' chapter 11 cases are pending before the Honorable Marvin Isgur and are being jointly administered under the lead case *In re Cineworld Group plc*, Case No. 22-90168 (MI) (the "Chapter 11 Cases").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to section 362(a) of the Bankruptcy Code, the Debtors' filing of their respective voluntary petitions "operates as a stay, applicable to all entities, of—"

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; [and] (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. § 362(a)(1)–(3).[2]  No order has been sought or entered in the Chapter 11 Cases granting any relief to any party from the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that any action taken against the Debtors without obtaining from the Bankruptcy Court relief from the automatic stay may be void *ab initio* and result in a finding of contempt for violation of the automatic stay.  Any party wishing to take action against the Debtors should contact the Debtors' counsel before taking any action in the above-captioned proceeding to ensure that such action does not constitute a violation of the automatic stay.  The Debtors reserve and retain all rights to seek relief in the Bankruptcy Court from any judgment, order, or ruling entered in violation of the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Chapter 11 Cases may be obtained free of charge by visiting the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/cineworld.  You may also obtain copies of

---

[2]  Nothing herein shall constitute a waiver of the Debtors' rights to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims against any party to the above-captioned case.

any pleadings by visiting the Court's website at https://ecf.txsb.uscourts.gov/ (PACER login and password required) in accordance with the procedures and fees set forth therein.

Dated:  September 23, 2022

                                                  Respectfully submitted,

                                                  OGLETREE, DEAKINS, NASH,
                                                    SMOAK & STEWART, P.C.


                                                  By:  *s/ Evan B. Citron*
                                                      Evan B. Citron
                                                  599 Lexington Avenue, 17th Floor
                                                  New York, NY  10022
                                                  212.492.2500
                                                  212.492.2501 (facsimile)
                                                  evan.citron@ogletree.com

                                                *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, the foregoing *Notice of Bankruptcy for Cineworld Group plc and Certain of its Affiliates and Notice of Automatic Stay of Proceedings* was electronically filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel of record for the Plaintiff as follows:

> Yitzchak Kopel, Esq.
> Alec M. Leslie, Esq.
> Bursor & Fisher, PA
> 888 Seventh Avenue
> New York, NY 10019
> ykopel@bursor.com
> aleslie@bursor.com

*Attorneys for Plaintiff*

                                                                         */s/ Evan B. Citron*
                                                                           Evan B. Citron